PER CURIAM.
The Board of Governors of The Florida Bar has asked the Court to amend Article III of the Integration Rule, and the By-laws thereunder, to reapportion and expand the membership of the Board. The genesis of the Board’s proposal is three years of pressure for more proportionate representation on the Board among the state’s lawyers, principally from Dade, Broward and Leon County attorneys. The proposal brought to us is the result of analysis by the Board’s reapportionment study committee, and represents the Board’s best effort to reapportion itself.
The Board’s proposal is opposed both by the Broward County Bar Association, which has submitted an alternate plan, and by the Dade County Bar Association, which recommends that the Court appoint a committee of its own to reapportion the Board.
We have considered in detail the vexing and complex questions posed by the Board and by the local bar associations which oppose the Board’s proposal, including the value of the proposed reapportionment plan over the status quo, the relationship of the Board to the Court on the one hand and to the lawyers of Florida on the other, the desirability of a modified bicameral policy body to govern The Florida Bar, the practical ability of the Board (or indeed any representative body) to reapportion itself, the suitability of one-man, one-vote principles for the Board’s selection process, the lack of lay representation on the reapportioned Board, and the lack of direct representation on the Board by non-resident Bar members. We have also considered and weighed the Board’s request for prompt action by the Court so that the new (and more fair) plan can be put into effect for the 1978 Board elections, the fact that the Board unanimously approved the proposal (including, we are told, the votes of the Dade and Broward Board members), and the fact that any Board selection plan will not fully resolve alleged inequities created by circuit as opposed to at-large representation or by the presence of identifiable classes of lawyers admitted to practice, such as governmental v. private, large- firm v. small, male v. female, young v. older, etc. We have also considered the fact that no spokesman for or against the proposal has identified with particularity any action by or any instance in which the so-called malapportioned present Board, or any predecessor Board, has acted to the detriment or disadvantage of the Broward bar, the Dade bar, any geographical area, or any under-represented group of lawyers in the state.
Taking all these factors into account, and with a clear recognition that the Board’s proposal offers little change from the present method of selecting Board members, we approve the proposal as submitted. By our adoption, however, we do not intend to foreclose continued discussion on, or further efforts to find ways to select Board members on a basis more acceptable to all members of the Bar. In particular, we invite the Board .to consider at the earliest opportunity such matters as lay representation on the Board, direct representation of *428 non-resident lawyers, and financial assistance to Board members in order to attract attorneys who cannot meet the high financial burdens which Board membership now requires.
The following amendments to Sections 2 and 3 of Article III of the Integration Rule, and to Section 2 of the By-laws thereunder, are adopted as of the effective date of this order. Underscoring indicates new material and strike-throughs indicate deletions.
It is so ordered.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.
INTEGRATION RULE OF THE FLORIDA BAR
Article III. Board of Governors
2. The Board of Governors shall consist of the President of The Florida Bar, the President-elect, the President of the Young Lawyers Section, the President-elect of the Young Lawyers Section^.who shall-not-be entitled to vote exoept in the absence of the President of the Young Lawyers Section, and representatives elected by and from the active members of The Florida Bar in each judicial circuit. There shall be one such representative from each judicial circuit and eleven fourteen additional circuit representatives who shall be apportioned among and elected from the judicial circuits as follows:
(a) Five of the additional circuit-representatives shall be elected by and from the judicial circuit of the State having the largest number of active members-of-The Florida-Bar;
(b)-The six remaining additional circuit representatives shall be apportioned among and- elected by and from the next sfa^-judi-oial circuits- having the largest number of active members of- The Florida Bar — with eaeh-of -the described judicial-circuits receiving one- additional circuit representa-tiver on the basis of the number of members in good standing residing in each circuit. The formula for determining the number of representatives apportioned to and elected from each judicial circuit shall be: first, determine the average number of members in good standing residing in each judicial circuit bv dividing the number of Florida resident members in good standing by the total number of judicial circuits, and then dividing the members in good standing residing in each judicial circuit bv such average. Apportionment of representatives among the judicial circuits shall be in accordance with the results thus obtained, bv apportioning each judicial circuit one representative for each multiple of one (including one) of the results obtained for such circuit, provided such number does not exceed fourteen, and one representative for the circuit’s remaining fraction of a multiple commencing with the largest such fraction and continuing in descending order to the next largest fraction and so on until all representatives of this category shall be apportioned to judicial circuits: in the event the sum of the whole integers so determined exceeds fourteen, then circuits whose results show whole integers from the application of the formula shall be determined bv eliminating one representative for the lowest fraction of a whole integer among such circuits and continuing in ascending order until fourteen is reached.
3. The Executive Director biennially annually. as of December 15, commencing with the year 4968 1977. from the records of The Florida Bar shall certify to the Clerk of the Supreme Court of Florida the number of active members of The Florida Bar residing in each judicial circuit, and his certificate or a notice thereof shall forthwith be published in The Florida Bar Journal or “The Florida Bar News.” This certificate of the Executive Director of The Florida Bar shall be the basis of apportionment of circuit representatives elected to the Board of Governors in the ensuing regular Bar judicial circuit elections.
BY-LAWS UNDER THE INTEGRATION RULE OF THE FLORIDA BAR
Article III. Board of Governors
Section 2. Nomination,
a. Staggered Terms. Elections shall be held in even-numbered years beginning in *429 1974 for the following circuit representatives:
Circuit Circuit
(Office Number) (Office Number)
1 11(3)
3 11(5)
4(1) 13(1)
6(1) ■14
7 15(1)
9 17(1)
10 18
HO) 20
Elections shall be held in odd-numbered years beginning in 1975 for the following circuit representatives:
Circuit (Office Number) Circuit (Office Number)
2 11(6)
4(2) 12
5 13(2)
6(2) 15(2)
8 16
9(2) 17(2)
11(2) 19
11(4)
In order to convert from the system of election of all members every two years, to a system of staggered terms, there shall be an election for all circuit representatives in 1974. Those representatives in the circuits designated herein for election in odd-numbered years, shall be elected for a one-year term in 1974.
Additions or deletions of circuit representatives resulting from the application of the Integration Rule formula will necessitate changes in the lists set forth above. both in circuit and office numbers: such changes will be made by the executive director as appropriate. In the initial year of application of the formula the three additional representatives will be elected in 1978 but two of them shall be for one year terms to provide for staggered terms of approximately one-half of the Board to be elected each year.
b. Time for Filing Nominating Petitions. Nominations for the election of representatives on the Board of Governors from each judicial circuit in accordance with the provisions of Article III of the Integration Rule, as amended, shall be made by written petition signed by not less than five active members of The Florida Bar in good standing. In each circuit in which there is more than one representative to be elected, the offices of the representatives shall be designated numerically, with the executive director making whatever adjustments are necessary to reflect changes resulting from the annual certification, and a nominating petition shall state the number of the office sought by a nominee. Any number of candidates may be nominated on a single petition, and any number of petitions may be filed, but all candidates named in a petition and all members signing such petition shall be residents of the judicial circuit which the candidate is nominated to represent, and shall be active members of The Florida Bar in good standing. Nominees shall endorse their written acceptance on such petitions but no nominee shall accept nomination for more than one office. All nominating petitions shall be filed with the executive director at the headquarters office on or before 5:00 p. m. February 15. On a date to be fixed by the executive director, the nominating petitions shall be canvassed and tabulated by the executive director and the clerk of the Supreme Court of Florida, and they shall thereupon certify in writing the names of all members who have been properly nominated.