PER CURIAM.
This matter is before the Court upon the petition of The Florida Bar to amend Article III of the Integration Rule of The Florida Bar and the Bylaws thereunder. It is the purpose of the amendments to provide for one representative of the active non-resident members of The Florida Bar on the Board of Governors. The petition is in response to the suggestion of this Court in In the Matter of The Florida Bar, 355 So.2d 426, 427-28 (Fla.1978):
In particular, we invite the Board to consider at the earliest opportunity such matters as . direct representation of non-resident lawyers
After review of the petition and hearing oral argument on behalf of The Florida Bar, it is the judgment of the Court that the petition should be granted. However, the proposed amendment to Article III of the Integration Rule contains a provision which repeals the section authorizing such representation as of June 30, 1981, unless the Board of Governors petitions this Court to the contrary. Since this Court is always open to entertain applications for revisions to the Integration Rule, we deem it inappropriate to include such a “sunset” provision in the Integration Rule. If evaluation of equitable representation for nonresident members requires a revision in the future, application for a change in the Integration Rule and Bylaws can be made at that time.
Accordingly, Article III of the Integration Rule of The Florida Bar and Article III of the Bylaws thereunder are hereby amended in accordance with the attachments annexed hereto.
It is so ordered.
ENGLAND, C. J, and ADKINS, BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
PROPOSED AMENDMENTS TO ARTICLE III, INTEGRATION RULE OF THE FLORIDA BAR
Article III
Board of Governors
1. The Board of Governors shall be the governing body of The Florida Bar. It shall have the power and duty fully' to administer this rule, including the power to employ necessary personnel, and to publish *1177 The Florida Bar Journal, and The Florida Bar News, which shall be the official publications of The Florida Bar. The Board shall adopt, amend or rescind the bylaws in the manner provided in this rule, and it shall adopt a common seal.
2.The Board of Governors shall consist of the president of The Florida Bar, the president-elect, the president of the Young Lawyers Section, the president-elect of the Young Lawyers Section, a representative of the active non-resident members of The Florida Bar, and representatives elected by and from the active members of The Florida Bar in each judicial circuit. There shall be one such circuit representative from each judicial circuit and fourteen additional circuit representatives who shall be apportioned among and elected from the judicial circuits on the basis of the number of members in good standing residing in each circuit. The formula for determining the number of representatives apportioned to and elected from each judicial circuit shall be: first, determine the average number of members in good standing residing in each judicial circuit by dividing the number of Florida resident members in good standing by the total number of judicial circuits, and then dividing the members in good standing residing in each judicial circuit by such average. Apportionment of representatives among the judicial circuits shall be in accordance with the results thus obtained, by apportioning each judicial circuit one representative for each multiple of one (including tone) of the results obtained for such circuit, provided such number does not exceed fourteen, and one representative for the circuit’s remaining fraction of a multiple commencing with the largest such fraction and continuing in descending order to the next largest fraction and so on until all representatives of this category shall be apportioned to judicial circuits; in the event the sum of the whole integers so determined exceeds fourteen, then circuits whose results show whole integers from the application of the formula shall be determined by eliminating one representative for the lowesf fraction of a whole integer among such circuits and continuing in ascending order until fourteen is reached.
3. The executive director annually, as of December 15, commencing with the year 1977, from the records of The Florida Bar shall certify to the clerk of the Supreme Court of Florida the number of active members of The Florida Bar residing in each judicial circuit, and his certificate or a notice thereof shall forthwith be published in The Florida Bar Journal or The Florida Bar News. This certificate of the executive director of The Florida Bar shall be the basis of apportionment of circuit representatives elected to the Board of Governors in the ensuing regular Bar judicial circuit elections.
4. All circuit representatives elected to the Board of Governors shall serve out the full term of which elected even though a subsequent circuit membership as certified by the executive director discloses a reduction in the number of representatives to which any judicial circuit is entitled.
5. The members of the Board of Governors from each judicial circuit shall be nominated and elected by the active members of The Florida Bar residing in such judicial circuit. Each elected member shall hold office for two years and until his successor is elected and qualified. Elections shall be held each year beginning in 1974. The Board of Governors shall, through bylaw adopted pursuant to this section, provide for staggered terms with approximately one-half of the circuit representatives being elected each year. The Board of Governors may provide for interim one-year terms for circuit representatives to institute the establishment of staggered terms. The bylaws shall provide for all nominations and elections of members of the Board of Governors. Newly elected members shall take office at the conclusion of the annual meeting of The Florida Bar following election to office. Any vacancy arising on the Board of Governors shall be filled for the unexpired term by a special election held in the circuit in which the vacancy occurs in accordance with the bylaws, which bylaws shall provide for a nominating and election procedure similar to that provided in this article.
*1178 6. Commencing in 1979, a non-resident member of the Board of Governors shall be nominated and elected in accordance with the bylaws by the active non-resident members of The Florida Bar. Such elected member shall hold office for a term of two years. Any vacancy arising in such office shall be filled for the unexpired term by a special election held in accordance with the bylaws. In-r-ecognitioa-of-the-desire-of the Board of Governors to create this additional Board seat on a two year trial basis and the Board’s continuing study of equitable Board representation, this section is repealed as of June- 30r-1981-,-unless -the - Board of Governors petitions the Supreme Court and the Court-decides to the-contrary-
PROPOSED AMENDMENTS TO BYLAWS UNDER ARTICLE III, INTEGRATION RULE OF THE FLORIDA BAR
Article III
Board of Governors
Section 1. DUTIES AND RESPONSIBILITIES. The Board of Governors, as the governing body of The Florida Bar elected by the active members, shall be vested with exclusive power and authority to formulate, fix, determine and adopt matters of policy concerning the activities, affairs or organization of The Florida Bar, subject only to any limitations imposed by the Integration Rule. The Board of Governors shall be charged with the duty and responsibility of enforcing and carrying into effect the provisions of the Integration Rule and the accomplishment of the aims and purposes of The Florida Bar. The Board of Governors shall direct the manner in which all funds of The Florida Bar are disbursed and the purposes therefor, and shall adopt and approve a budget for each fiscal year. The Board of Governors shall perform all other duties imposed under the Integration Rule and shall have full power to exercise such functions as may be necessary, expedient or incidental to the full exercise of any powers bestowed upon it by the Integration Rule or any amendment thereto or by these bylaws.
Section 2. NOMINATION.
a. Staggered Terms. Elections shall be held in even-numbered years beginning in 1974 for the following circuit representatives:
Circuit Circuit
(Office Number) (Office Number)
1 11(3)
3 11(5)
4(1) 13(1)
6(1) 14
7 15(1)
9 17(1)
10 18
11(1) 20
Elections shall be held in odd-numbered years beginning in 1975 for the following circuit representatives:
Circuit Circuit
(Office Number) (Office Number)
2 11(6)
4(2) 12
5 13(2)
6(2) 15(2)
8 16
9(2) 17(2)
11(2) 19
11(4)
In order to convert from the system of election of all members every two years, to a system of staggered terms, there shall be an election for all circuit representatives in 1974. Those representatives in the circuits designated herein for election in odd-numbered years, shall be elected for a one-year term in 1974.
Additions or deletions of circuit rSpre-sentatives resulting from the application of the Integration Rule formula will necessitate changes in the lists set forth above, both in circuit and office numbers; such changes will be made by the executive director as appropriate. In the initial year of application of the formula the three additional representatives will be elected in 1978 but two of them shall be for one year terms to provide for staggered terms of approximately one-half of the Board to be elected each year.
b. Time for filing nominating Petitions. Nominations for the election of representatives on the Board of Governors from each *1179 judicial circuit in accordance with the provisions of Article III of the Integration Rule, as amended, shall be made by written petition signed by not less than five active members of The Florida Bar in good standing. In each circuit in which there is more than one representative to be elected, the offices of the representatives shall be designated numerically, with the executive director making whatever adjustments are necessary to reflect changes resulting from the annual certification, and a nominating petition shall state the number of the office sought by a nominee. Any number of candidates may be nominated on a single petition, and any number of petitions may be filed, but all candidates named in a petition and all members signing such petition shall be residents of the judicial circuit which the candidate is nominated to represent, and shall be active members of The Florida Bar in good standing. Nominations for the election of a non-resident member of The Board of Governors in accordance with the provisions of Article III of the Integration Rule, as amended, shall be made by written petition signed by not less than five active non-resident members of The Florida Bar in good standing. Nominees shall endorse their written acceptance on such petitions but no nominee shall accept nomination for more than one office. All nominating petitions shall be filed with the executive director at the headquarters office on or before 5:00 p. m. February 15. On a date to be fixed by the executive director, the nominating petition shall be canvassed and tabulated by the executive director and the clerk of the Supreme Court of Florida, and they shall thereupon certify in writing the names of all members who have been properly nominated.
Section 3. ELECTION. Voting shall be by secret ballot. The executive director shall prepare and cause to be printed a sufficient pumber of ballots for the election of a non-resident Board member and for each judicial circuit office for in which an election is to be held and whore more than one candidate has been-nominated for any position to bo filled-on-the Board of Governors? One of such ballots shall be mailed to each active member of The Florida Bar in good standing in each of such judicial circuits and to each active non-resident member of The Florida Bar in good standing in the case of election of a non-resident Board member. The records of the executive director shall be conclusive in determining the members entitled to receive such ballots. When more than one office is to be filled, the offices shall be listed on the ballots in numerical order. The names of candidates on the ballots shall be listed alphabetically for each office. The ballots shall be mailed on of before March 1, and voted ballots shall be filed with the executive director or postmarked prior to midnight on March 15. Ballots not filed or postmarked within such period of time shall not be counted or tabulated. Immediately after March 15, the executive director and the clerk of the Supreme Court of Florida shall canvass and tabulate the ballots received and certify the results of the election. Failure to make a nomination shall result in a vacancy to be filled in accordance with the provisions of Section 2 of Article III of the Integration Rule. The candidate for an office receiving a majority of the votes cast for the office shall be declared elected. In the event no candidate receives such majority there shall be a run-off election between the two candidates receiving the highest number of votes. The ballots for the run-off shall be mailed on or before April 1 and the voted ballots shall be filed with the executive director or postmarked prior to midnight on April 15. The ballots shall be counted and the results certified as provided for the first election. In the event that only one candidate has been nominated for a particular office on the Board of Governors in any judicial circuit, such candidate shall be declared elected. Results of the election shall be furnished by the executive director to the officers, members of the Board of Governors, and all candidates, and may be furnished to any other interested persons upon their request.
Section 4. REMOVAL. If any member of the Board of Governors should be determined by such Board to have become so *1180 incapacitated as to prevent performance of his duties as a member of said Board, such member may be removed by resolution adopted by a majority of the Board of Governors declaring his position vacant. Any member of the Board of Governors may be removed for cause or resolution adopted by two-thirds of the entire membership of the Board of Governors.
Section 5. VACANCY. In the event of a vacancy on the Board of Governors arising in the office of representative from the judicial circuit the vacancy shall be filled by a special election within the framework of the pertinent election procedures presently existing under the Integration Rule and Bylaws relating to the election of members of the Board of Governors. Notice of the vacancy and the special election shall be given to members of the circuit in which the vacancy occurs by a special mailing within 10 days of the occurrence of the vacancy which notice shall provide that nominating petitions must be filed within 15 days of the date of the notice with the executive director. The special election shall be held not less than 30 days and not more than 45 days after the mailing of the notice. The procedures set forth in the Integration Rule and Bylaws for election shall be followed as closely as possible. A vacancy on the Board of Governors arising in the office of non-resident representative shall be filled in a like manner.
Section 6. MEETINGS. The Board of Governors shall hold meetings at such times and places as may be designated by the Board or called by the president. Any active member of The Florida Bar in good standing may attend meetings at any time except during such times as the Board shall be in executive session concerning disciplinary matters. Minutes of all meetings shall be kept by the executive director.
Section 7. QUORUM. A majority of the members of the Board of Governors shall constitute a quorum for the transaction of business at all meetings, and no action whatever may be taken except upon a majority vote of the members present and voting.